Rachael Lavi, State Bar No. 294443
rlavi@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308

Noah J. Woods, Bar No. 264823
nwoods@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92104
Telephone: 619.515.1827

Attorneys for Defendant
STARBUCKS CORPORATION and
SHAREE HUDDLESTON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY MULALLEY, SABRINA D. EDWARDS, SARAH T. BEKELE,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION; STARBUCKS CORPORATION DBA STARBUCKS COFFEE COMPANY; STARBUCKS COFFEE COMPANY; SHAREE HUDDLESTON; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'21CV0032 GPC DEB**<br><br>[San Diego Superior Court, Case No.: 37-2020-00006635-CU-WT-CTL]<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed: February 5, 2020<br>Trial Date: None Set |

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFFS ASHLEY MULALLEY, SABRINA D. EDWARDS, AND SARAH T. BEKELE AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant STARBUCKS CORPORATION (hereinafter, "Starbucks") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. Removal is based on Diversity Jurisdiction, pursuant to 28 U.S.C. sections 1332, 1441, 1446. The grounds for removal are as follows:

## I.   STATEMENT OF JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Starbucks pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. This action was filed in Superior Court of California for the County of San Diego. Thus, venue properly lies in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391(a), and 1441(a).

## II.   PLEADINGS AND PROCESS

3. On February 5, 2020, Plaintiff Ashley Mulalley filed a Complaint in the Superior Court of California for the County of San Diego against Defendants Starbucks and Sharee Huddleston asserting six causes of action for: (1) harassment based on sexual orientation; (2) discrimination based on sexual orientation; (3) retaliation; (4) failure to take all reasonable steps to prevent harassment, discrimination, and retaliation; and (5) wrongful termination in violation of public policy (the "Complaint"). Declaration of Rachael Lavi in Support of Defendant's

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

2

1  Notice of Removal ("Lavi Decl."), ¶ 2, Ex. A. The Complaint was never served on
2  Starbucks or Ms. Huddleston. *Id*.

3      4.    On August 20, 2020, Plaintiff Ashley Mulalley filed a First Amended
4  Complaint (hereinafter "FAC") against Defendants Starbucks and Ms. Huddleston
5  asserting the same six causes of action as alleged in her Complaint, but adding Sabrina
6  D. Edwards, and Sarah T. Bekele as plaintiffs (Plaintiffs Ashley Mulalley, Sabrina D.
7  Edwards, and Sarah T. Bekele are hereinafter collectively referred to as "Plaintiffs").
8  Plaintiffs personally served a copy of the Amended Summons and FAC on Starbucks
9  on December 9, 2020, and on Ms. Huddleston on December 12, 2020. Lavi Decl., ¶
10  3, Ex. B.

11      5.    Concurrent with the filing of this Notice of Removal, Starbucks will file
12  with the Clerk for the Superior Court of California for the County of San Diego a
13  Notice to State Court of Removal to Federal Court in this action, together with a copy
14  of Defendant's Notice to Federal Court of Removal. Lavi Decl., ¶ 6.

15      6.    The FAC also names as a defendant an entity named "Starbucks Coffee
16  Company" as well as Does 1 through 10. Starbucks is informed and believes and on
17  that basis alleges that neither "Starbucks Coffee Company" nor the fictitiously-named
18  defendants have been served with a copy of the Summons and Complaint or the
19  Amended Summons and FAC. Therefore, these defendants are not parties to the
20  above-captioned action and need not consent to removal. *See Fristoe v. Reynolds*
21  *Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. section 1441(a).

22      7.    On January 7, 2021, Starbucks filed an Answer in San Diego Superior
23  Court to the FAC, but only as to Plaintiff Bekele. Lavi Decl., ¶ 4, Ex. C.

24      7.    The Lavi Declaration attaches all other process, pleadings, and orders
25  filed, to be filed, or served upon Starbucks (based on its current knowledge) in this
26  action to the present date. Lavi Decl., ¶ 5, Ex. D.

27  / / /
28  / / /

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION      3.

### III. TIMELINESS OF REMOVAL

9. Under 28 U.S.C. section 1446(b)(1), the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

10. This Notice of Removal is timely, as it is filed within thirty days after Starbucks was served with the FAC. This removal is therefore timely under 28 U.S.C. section 1446(b)(1).

### IV. DIVERSITY OF CITIZENSHIP

11. The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

12. **Plaintiffs are citizens of California**. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner- Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place she resides with the intention to remain); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship); *see also Id. at* 519-20 (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). The FAC states that Plaintiffs were at all times relevant residents of California. FAC, ¶1. Plaintiffs are therefore citizens of California.

13. **Starbucks is a citizen of Washington.** For diversity purposes, a corporation "shall be deemed a citizen of any State in which it is incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). Starbucks is a corporation organized and incorporated under the laws of the State of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

4.

Washington. And, as shown below, the principal place of business of Starbucks is also located in the State of Washington.

14. The Supreme Court has explained that a corporation's principal place of business is determined under the "nerve center" test. *See Hertz Corp. v. Friend,* 599 U.S. 77, 80-81 (2010). Under the "nerve center" test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* The Supreme Court further explained in *Hertz* that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters" and that a corporation's nerve center is a "single place." *Id.* at 93.

15. Under these criteria, the principal place of business of Starbucks is in Washington. Starbucks maintains its corporate headquarters in Seattle, Washington. Declaration of Julie Broxson in Support of Defendant's Notice of Removal ("Broxson Decl."), ¶ 2. Its executive officers, including the chairman, president, chief financial officer, executive vice-presidents, and general counsel, maintain their offices at Starbucks headquarters in Seattle, Washington. (Broxson Decl., ¶3). From its headquarters in Washington, the Company manages day-to-day operations, including determining and implementing company-wide policy regarding employee relations, marketing, finance, accounting, income tax, and legal issues. (Broxson Decl., ¶4). Meetings of its Board of Directors and stockholders take place in the state of Washington. (Broxson Decl., ¶5). In addition, the company's financial records are maintained in Washington, and the Company's tax returns are filed from the executive offices in Washington. (Broxson Decl., ¶¶6-7).

16. **Defendant Huddleston's joinder is a "sham" and may be disregarded for removal purposes.** In situations such as here, where "a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity."

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                5.

*United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. Cal. 2002) (concluding that fraudulently joined individual's citizenship was not relevant for purposes of diversity jurisdiction) (internal quotation omitted); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding removal based on diversity of citizenship was proper where plaintiff could not state a claim against individual defendant); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (affirming denial of motion to remand where "[o]n the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against" two non-diverse managers). In other words, a sham defendant is irrelevant for purposes of removal. Id.

17. In determining whether a defendant is fraudulently joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal, including information outside the pleadings. *McCabe*, 811 F.2d at 1339. The question is whether there is a possibility that the plaintiff will be able to establish liability against the party in question. *Ritchy v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998) (sham defendants may be disregarded when determining diversity jurisdiction).

18. Here, the allegations of the FAC confirm that no cause of action may properly be maintained against Defendant Sharee Huddleston. Of the six causes of action contained in the FAC, Ms. Huddleston is named in only two: (1) the Second Cause of Action for Sexual Harassment in violation of Govt. Code section 12940 et seq.; and (2) the Fourth Cause of Action for "Aiding and Abetting" Sexual Harassment in violation of Govt. Code section 12940 et seq.

19. Plaintiffs' Second Cause of Action for sexual harassment against Ms. Huddleston is barred because Plaintiffs cannot establish a prima facie case of sexual harassment against Ms. Huddleston as a matter of law. Based on the allegations of the FAC, it appears that Plaintiffs' sexual harassment claim is brought on a hostile work environment theory of liability. (*See* FAC. ¶ 38). To prevail on such a theory,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

6.

Plaintiffs must show that they were "subjected to sexual advances, conduct, or comments that were (1) unwelcome; (2) because of sex; and (3) sufficiently severe or pervasive to alter the conditions of [ ] employment and create an abusive work environment." *Lyle v. Warner Bros. Television Prods.*, 38 Cal.4th 264, 279 (2006). Courts have held that "[t]here is no recovery 'for harassment that is occasional, isolated, sporadic, or trivial' … and that an employee seeking to prove sexual harassment based on no more than a few isolated incidents of harassing conduct must show that the conduct was 'severe in the extreme.'" *Brennan v. Townsend & O'Leary Enterprises, Inc.* 199 Cal.App.4th 1336, 1346-47 (2011).

20. Plaintiffs' FAC alleges only two instances of conduct attributable to Ms. Huddleston. First, Plaintiff Edwards alleges Ms. Huddleston would "physically hug Edwards from the front and her back causing her to back away, then she would criticize Edwards for 'not giving good hugs.'" (FAC, ¶ 11). Second, Plaintiff Mulalley alleges that Ms. Huddleston would approach her "from behind to unexpectedly place her hand on Ms. Mulalley's shoulder, causing her to flinch and become anxious." (FAC ¶ 19). There are no allegations of any inappropriate conduct by Plaintiff Bekele attributable to Ms. Huddleston in the FAC.[1]

21. These two isolated instances of alleged conduct by Ms. Huddleston are clearly insufficient under the law to constitute "severe or pervasive" harassment. Furthermore, Plaintiffs have provided absolutely no evidence to establish that Ms. Huddleston's alleged conduct was based in any way on Plaintiffs' sex. For these reasons, Plaintiffs have failed to state a claim of hostile work environment harassment against Ms. Huddleston.

22. The only other cause of action alleged against Ms. Huddleston is Plaintiffs' Fourth Cause of Action for "aiding and abetting" sexual harassment.

---

[1] Additionally, both Plaintiffs Mulalley and Edwards are subject to a binding arbitration agreement, and must arbitrate their claims. Starbucks will file a motion to compel arbitration of their claims forthright. Plaintiff Bekele is not subject to binding arbitration, and makes no allegations against Ms. Huddleston.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

7.

However, this cause of action also fails as a matter of law because a supervisor cannot be held personally liable for such a claim. Cal. Govt. Code section § 12940(i) makes it unlawful for any person to aid, abet, incite, compel or coerce unlawful discrimination by the employer. However, this provision is intended to reach persons outside the company, not corporate employees because a corporate employer can act only through its employees. i.e., the supervisor is not "aiding or abetting" when it acts on behalf of the corporation. *See, e.g. Reno v. Baird*, 18 Cal.4th 640, 645-646, (1998); *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 79 (1996). Accordingly, Plaintiffs' Fourth Cause of Action cannot be maintained against Ms. Huddleston (or Starbucks for that matter).

23. Accordingly, because Huddleston is a sham defendant,[2] she should be disregarded for purposes of diversity jurisdiction, thereby leaving only Defendant Starbucks, which is not a citizen of the State of California.

24. DOES 1 through 10 are fictitious defendants and must be disregarded for the purpose of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (The "district court was correct in only considering the domicile of the named defendants").

25. Diversity of citizenship therefore exists because Plaintiffs are citizens of a state (California) different from the Defendant Starbucks (Washington). 28 U.S.C. § 1332(a).

## V.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

26. Plaintiffs' FAC states that that Plaintiffs' compensatory and incidental damages are "in excess of $750,000 per plaintiff." FAC, 13:19-22. As such, the amount in controversy easily exceeds $75,000.

## VI.  NOTICE TO PLAINTIFFS AND STATE COURT

27. As required by 28 U.S.C. section 1446(b), Starbucks will provide Plaintiffs, through their counsel of record, with written notice of this removal.

---

[2] Ms. Huddleston will file a motion to dismiss the FAC forthwith.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION    8.

28. As required by 28 U.S.C. section 1446(d), Starbucks will file a copy of this Notice of Removal with the Superior Court of California for the County of San Diego.

**VII.  CONCLUSION**

29. Based on the foregoing, the parties are diverse, and Plaintiffs' FAC puts at least $75,000 in controversy in this matter. WHEREFORE, Starbucks respectfully petitions the removal of this case from the Superior Court of the State of California for the County of San Diego to this United States District Court for the Southern District of California.

Dated: January 8, 2020

                                       */s/ Noah J. Woods*
                                       Rachael Lavi
                                       Noah J. Woods
                                       **LITTLER MENDELSON, P.C.**
                                       Attorneys for Defendant
                                       STARBUCKS CORPOATION

4836-9209-8005.1 055187.1144

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

9.