UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY MULALLEY; SABRINA D. EDWARDS; and SARAH T. BEKELE,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION; STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY; STARBUCKS COFFEE COMPANY; SHAREE HUDDLESTON; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 21-cv-0032-GPC-DEB<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF BEKELE'S SECOND AND FOURTH CAUSES OF ACTION AGAINST DEFENDANT HUDDLESTON; AND**<br><br>**(2) REMANDING THE CASE**<br><br>**[ECF Nos. 5, 6, 8]** |

Before this Court are three motions: (1) Defendant Sharee Huddleston's Motion to Dismiss Plaintiff Sarah T. Bekele's Second and Fourth Causes of Action ("MTD"), ECF No. 5; (2) Defendants' Motion to Compel Arbitration ("MTC"), ECF No. 6; and (3) Plaintiffs' Motion to Remand ("MTR"), ECF No. 8. Upon considering the motions and related papers, the Court **GRANTS** the MTD but also **REMANDS** the case back to state court, without ruling on the MTC.

# I. BACKGROUND

## A. Procedural History

On February 5, 2020, Plaintiff Ashley Mulalley ("Plaintiff Mulalley") filed a Complaint in the Superior Court of California for the County of San Diego against Defendants. Notice Removal Ex. 1, ECF No. 1-2. Defendants consist of Starbucks Corporation, its d/b/a entity Starbucks Coffee Company, a separate entity labeled "Starbucks Coffee Company" (collectively "Defendant Starbucks"), Defendant Sharee Huddleston ("Defendant Huddleston") who is a management level employee of Defendant Starbucks, and fictitious Doe Defendants.

The Complaint alleged six causes of action: (1) wrongful termination in violation of California's public policy, against Defendant Starbucks; (2) sexual harassment in violation of California Government Code Section 12940 *et seq.*, against all Defendants; (3) retaliation in violation of California Government Code Section 12940 *et seq.*, against Defendant Starbucks; (4) aiding and abetting sexual harassment in violation of California Government Code Section 12940 *et seq.*, against all Defendants; (5) failure to prevent harassment and retaliation in violation of California Government Code Section 12940(j), (k), against Defendant Starbucks; and (6) negligent hiring, supervision, retention, and training, against Defendant Starbucks.

On August 20, 2020, Plaintiff Mulalley filed a First Amended Complaint ("FAC"). Notice Removal Ex. 2 at 3–16, ECF No. 1-3. The FAC generally alleges the same six causes of action but adds Plaintiff Sabrina D. Edwards ("Plaintiff Edwards") and Plaintiff Sarah T. Bekele ("Plaintiff Bekele"). Defendant Starbucks and Defendant Huddleston were served a copy of the FAC and the related summons on December 9, 2020 and December 12, 2020, respectively.

On January 8, 2021, Defendant Starbucks removed the case to the United States District Court for the Southern District of California. Notice Removal, ECF No. 1. A

week later, Defendants filed the MTD and MTC.  Concerning the MTD, it requests Plaintiff Bekele's claims against Defendant Huddleston be dismissed.  ECF No. 5.  In response, Plaintiffs filed a Notice of Non-Opposition, confirming that Plaintiff Bekele has no claims against Defendant Huddleston.  ECF No. 11.  Concerning the MTC, Plaintiffs filed an Opposition, ECF No. 10, and Defendants filed a Reply, ECF No. 13.

On February 4, 2021, Plaintiffs moved to remand the case back to state court.  MTR, ECF No. 8.  Defendant Starbucks filed an Opposition.  ECF No. 14.  Plaintiffs did not file any reply brief.

### B.    Relevant Factual Allegations

Plaintiffs, all residents of San Diego County, California, were baristas employed by Defendant Starbucks operating in San Diego County.  Plaintiffs Mulalley and Edwards worked at the One America Plaza location and Plaintiff Bekele worked at the Horton Plaza location.  FAC 1–3, ECF No. 1-3.  Defendant Huddleston, also a resident of San Diego County, supervised Plaintiffs Mulalley and Edwards.  *Id.* ¶ 3.

The dispute primarily arises from a series of unwanted sexual advances by a regular customer, Mike Wilkinson.  *See id.* ¶ 11.  Plaintiffs had made multiple complaints to their respective supervisors (including Defendant Huddleston) concerning the hostile work environment due to Mr. Wilkinson's unwelcome behavior.  *See id.* ¶¶ 13, 17–21.  In Plaintiff Bekele's case, she also complained about homeless people masturbating in front of her, which highly offended her.  The management did nothing in response to the complaints.  *See, e.g.*, *id.* ¶ 11.  In fact, Plaintiff Edwards was instructed to "wait on 'Mike' when he came in, because she was the only African-American employee."  *Id.*

Specifically concerning Defendant Huddleston, not only did she fail to resolve the concerns expressed by Plaintiffs Mulalley and Edwards, she was part of the problem.  Defendant Huddleston made unwanted physical contact with Plaintiffs Mulalley and Edwards, and did not change her behavior even though she was aware of the Plaintiffs'

aversion to it. *See id.* ¶¶ 11, 14, 19. When Plaintiff Mulalley complained to Defendant Huddleston about Mr. Wilkinson, Defendant Huddleston ignored the complaints and cut Plaintiff Mulalley's working hours. *See id.* ¶¶ 13, 18, 20, 21.

Plaintiff Mulalley tried calling the Starbucks company hotline to make her complaint, but also to no avail. *See id.* ¶ 13. Eventually, Plaintiffs were "forced to resign." *See id.* ¶¶ 21, 27.

## II. DEFENDANT HUDDLESTON'S MOTION TO DISMISS

The Court first addresses the issue that the parties agree on. Defendant Huddleston moved to dismiss Plaintiff Bekele's Second and Fourth Causes of Action. MTD, ECF No. 5. Plaintiffs filed a Notice of Non-Opposition: "Plaintiff Bekele does not make any claims against Defendant Huddleston. Review of the pleading shows this. . . . Plaintiff only makes claims against defendant Starbucks as her employer." ECF No. 11.

Accordingly, the Court **DISMISSES with prejudice** Plaintiff Bekele's Second and Fourth Causes of Action against Defendant Huddleston. At the same time, the Court flags that granting the MTD is not a complete dismissal of the Second and Fourth causes of action, as Defendants are aware. *See* MTD Mem. 2 n.2, ECF No. 5-1 (stating that if the Court does not grant the MTC, "Defendant Huddleston intends to file a further motion to dismiss as to the claims brought by Plaintiffs Mulalley and Edwards"). Plaintiff Bekele still has her Second and Fourth Causes of Action against Defendant Starbucks, and Plaintiffs Mulalley and Edwards preserve their Second and Fourth Causes of Action against all Defendants, including Defendant Huddleston.

## III. PLAINTIFFS' MOTION TO REMAND

Plaintiffs moved to remand the case. Defendant Starbucks originally removed this case based on diversity of citizenship because according to Defendant Starbucks, complete diversity exists; Defendant Starbucks is domiciled in the state of Washington, and Defendant Huddleston's domicile (of California) should be ignored because she was

fraudulently joined.  However, the Court rejects Defendant Starbucks's claim of fraudulent joinder.  Taking Defendant Huddleston's domicile into account, there is no complete diversity, and remand is proper.[1]

### A.   Legal Standard

A defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court.  28 U.S.C. § 1441(a).  However, the court must remand the case to state court if the district court lacks subject matter jurisdiction.  *Id.* § 1447(c).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *United States v. Lee*, 472 F.3d 638, 641 (9th Cir. 2006) (quoting *United States v. Arnaiz*, 842 F.2d 217, 219 (9th Cir. 1988)).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quotations omitted).

### B.   Diversity Jurisdiction and Fraudulent Joinder

Defendant Starbucks argues that this Court has diversity jurisdiction over the case.  A district court has diversity jurisdiction over any civil action where complete diversity exists between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C.

---

[1] The Court also questions whether Defendant Starbucks's removal was procedurally proper.  The Court could not find any explicit record that Defendant Huddleston affirmatively joins or consents to the removal.  *See* 28 U.S.C. § 1446(b)(2)(A); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (discussing the removing party's burden on the issue, and how the defect must be cured within thirty (30) days), *overruled on other grounds*; *cf. Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (discussing the minimal requirements).

§ 1332(a). Here, the amount in controversy is not in dispute. *Compare* Notice Removal ¶ 26, ECF No. 1, *with* FAC 13, ECF No. 1-3. Instead, the parties disagree whether complete diversity exists, i.e., whether each plaintiff is of a different citizenship from each defendant, *Grancare*, 889 F.3d at 548 (citation omitted). The burden of proof on the matter lies on the proponent of removal. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

All Plaintiffs are citizens of California. FAC ¶ 1, ECF No. 1-3. Defendant Starbucks is domiciled in the state of Washington. *See* Decl. Julie Broxson, ECF No. 3. Fictitious "Doe" defendants are ignored for determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1). And Defendant Huddleston is allegedly a citizen of California.[2] FAC ¶ 3, ECF No. 1-3. Thus on the surface, the case lacks complete diversity because Plaintiffs and Defendant Huddleston are citizens of the same state.

Defendant Starbucks contends that the Court should ignore Defendant Huddleston for purposes of determining diversity, because she was fraudulently joined in the lawsuit. Indeed, one exception to the complete diversity requirement is if the non-diverse defendant is a "sham" or "fraudulently joined."[3] *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder exists when either (1) there is actual fraud in the pleading of jurisdictional facts; or (2) plaintiff is unable to establish a cause of action against the non-diverse party in state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted). Defendant Starbucks's theory of

---

[2] Defendant Starbucks objects to the Declaration submitted by Plaintiffs' counsel. ECF No. 14-1. The Objection is sustained. Fed. R. Evid. 602. At the same time, the Objection alone does not negate the allegations of Defendant Huddleston's citizenship.

[3] These are terms of art used for removal purposes, and do not imply any intent to deceive the court or the opposing party. *See Mariano v. UPS, Inc.*, No. 3:13-CV-0776-GPC-JMA, 2013 WL 3795709, at *5 (S.D. Cal. July 18, 2013) (citation omitted).

fraudulent joinder stems from the latter, in which it argues that no viable cause of action exists against Defendant Huddleston.

There is a "general presumption against fraudulent joinder," and the removing party bears the "heavy burden" of overcoming it. *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Hunter*, 582 F.3d at 1046). And while the party arguing fraudulent joinder "is entitled to present the facts showing the joinder to be fraudulent," *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted); *cf. Morris*, 236 F.3d at 1068 (discussing that courts may "pierce the pleadings" and consider "summary judgment-type evidence" such as declarations and affidavits), the fraudulent joinder claim must still be proven by "clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Important to note from the discussion above, the fact that courts may consider external evidence by the defendants does *not* mean that the burden of persuasion somehow shifts to the plaintiffs. In fact, district courts have consistently discussed how "all disputed questions of fact and all ambiguities" must be resolved in favor of the non-removing party. *See, e.g.*, *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011); *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992)).

Yet switching burdens is effectively what Defendant Starbucks is asking the Court to do. Rather than presenting any evidence (e.g., an affidavit or declaration) as initially discussed in the brief, *see* Opp'n MTR 3, ECF No. 14, Defendant Starbucks merely flags the supposed insufficiencies in the FAC and the MTR. To start, Plaintiffs are under no obligation to "expand upon their allegations" in the MTR, *id.* at 5, or provide additional evidence. It is rather the removing party's obligation to provide "clear and convincing evidence" if it wants its way.

In fact, a review of the pleadings indicates that a viable Second Cause of Action (claims of sexual harassment) exists against Defendant Huddleston. At minimum, Defendant Starbucks's characterizations of Plaintiff's FAC does not meet the burden of persuasion for the Court to conclude that Defendant Huddleston was fraudulently joined. On Defendant Starbucks's argument that the "two" instances of Defendant Huddleston's alleged conduct were "isolated," *see id.* at 4–5, the FAC indicates otherwise. *See generally* FAC ¶ 38, ECF No. 1-3 (discussing how "examples are stated for representative purposes and are not intended to be exhaustive"). The FAC alleges that Defendant Huddleston "constantly" approached Plaintiff Mulalley, and that Defendant Huddleston "refused to stop her behavior." *Id.* ¶ 19. These articulations already signal something more than a one-off event. Further, the fact that "Ms. Mulalley made it well known that she was a person who does not like to be touched" and that "Huddleston knew Ms. Mulalley was a person who does not like to be touched physically," *id.* ¶¶ 14, 19, imply that some preceding event occurred,[4] which could point towards pervasiveness. Finally, when Plaintiff Mulalley made a face-to-face verbal complaint to Defendant Huddleston about the sexual misconduct that she experienced, the response she received was that "Starbucks 'wants the employees to make a *connection* with the customers.'" *Id.* ¶ 20 (emphasis added). Given the context of an employee complaining about repeated sexual misbehavior by a customer, such word choices by Defendant Huddleston could also be deemed inappropriate, and further buttress Plaintiffs' case for severity and pervasiveness.

---

[4] In fairness, the statement could mean that Plaintiff Mulalley made an upfront announcement to Defendant Huddleston before any contact ever occurred. But it could also mean that Defendant Huddleston touched Plaintiff Mulalley, discomfort was expressed, and later Defendant Huddleston touched Plaintiff again. With no evidence supporting either way, the Court will not construe the allegations in Defendants' favor.

Next, the Court rejects Defendant Starbucks's contention that the pleadings do not allege a (mis)conduct "based on Plaintiff's sex." Plaintiffs Mulalley and Edwards allege that they were subjected to Defendant Huddleston's improper physical contact, and both Plaintiffs were female. In addition, it appears that the female Plaintiffs received unwanted sexual advances by the male customer due to their sex, yet the response Plaintiff Mulalley received from her supervisor after lodging her complaints was that she should "connect" with the customers.[5] It is reasonable to assume that the interaction a male employee may have had with Defendant Huddleston under the same fact pattern would be different. At the very least, with no contravening undisputed facts provided by Defendant Starbucks, the Court declines to deem the pleadings insufficient, or lacking any basis for relief.

With Plaintiffs Mulalley and Edwards having sufficiently established the Second Cause of Action against Defendant Huddleston, the Court need not address the sufficiency of the Fourth Cause of Action (claims of aiding and abetting sexual harassment). Plaintiffs "need only have one potentially valid claim against a non-diverse defendant." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. 2005) (collecting cases); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (discussing how a defendant must show that the non-diverse entity "cannot be liable on *any* theory" (emphasis added)). The legal merits of the Fourth Cause of Action

/ / /

---

[5] The FAC also alleges that "Edwards was also instructed by management to wait on 'Mike' when he came in, because she was the only African-American employee." FAC ¶ 11, ECF No. 1-3. While the allegation is not entirely precise, it could be read as Defendant Huddleston instructing Plaintiff Edwards to wait on a male customer with a record of sexually inappropriate behavior due to Plaintiff Edwards's sex. Again, Defendant Starbucks provides no undisputed facts to construct such statements in its favor.

can wait for a separate motion to dismiss, in front of a court that has jurisdiction to entertain such a motion.

In sum, Defendant Starbucks has failed to meet its burden for the Court to conclude that no valid cause of action exists against Defendant Huddleston. Accordingly, Defendant Huddleston, a California citizen, is a proper defendant in this case. And because Plaintiffs and Defendant Huddleston are all California citizens, there is no complete diversity among the parties, meaning that this Court lacks jurisdiction based on diversity of citizenship. With no other basis for federal jurisdiction, the Court **REMANDS** the case.

### C. Attorney's Fees and Costs

In the MTR, Plaintiffs also request an order requiring Defendants to pay attorney's fees and costs incurred from the removal, such order being permitted under 28 U.S.C. § 1447(c). MTR Mem. 2, ECF No. 8-1.

Directing attorney's fees and costs under the removal/remand statute is not automatic. *See* 28 U.S.C. § 1447(c) (discussing how the remand order "may" require payment). Rather, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").

No part of Plaintiffs' MTR brief discusses how Defendant Starbucks's removal rises to the heightened level of objective unreasonableness. Accordingly, the Court **DENIES** Plaintiffs' request for attorney's fees and costs.

/ / /

## IV. DEFENDANTS' MOTION TO COMPEL ARBITRATION

With the Court remanding the case to state court, it declines to rule on Defendants' MTC. The Court lacks jurisdiction to opine on the matter.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Huddleston's Motion to Dismiss Plaintiff Bekele's Second and Fourth Causes of Action, ECF No. 5, and **GRANTS** Plaintiffs' Motion to Remand, ECF No. 8.

Accordingly, this Court **DISMISSES with prejudice** Plaintiff Bekele's Second and Fourth Causes of Action against Defendant Huddleston. The Court also **REMANDS** the case to the Superior Court of California for the County of San Diego for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Related to the remand, the Court **DENIES** Plaintiffs' request for attorney's fees and costs incurred from the removal. In addition, the Court **VACATES** the hearing on this matter scheduled for March 12, 2021.

**IT IS SO ORDERED.**

Dated: March 10, 2021

Hon. Gonzalo P. Curiel
United States District Judge

11

21-cv-0032-GPC-DEB